IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>THOMAS KENT JAMERSON,<br><br>*Defendant* | CRIMINAL NO. 6:06-CR-00016-001<br><br>ORDER and OPINION<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on Defendant's motion for discovery, filed on November 19, 2006 (docket entry no. 41). For the following reasons, this motion will be GRANTED.

**I. Rule 16 of the Federal Rules of Criminal Procedure**

Rule 16 requires, upon a defendant's request, that the government disclose certain oral statements made by the defendant, Fed. R. Crim. P. 16(a)(1)(A), certain written or recorded statements made by the defendant, Fed. R. Crim. P. 16(a)(1)(B), Defendant's prior criminal record, Fed. R. Crim. P. 16(a)(1)(D), certain documents and objects, Fed. R. Crim. P. 16(a)(1)(E), and certain reports of examinations and tests, Fed. R. Crim. P. 16(a)(1)(F). Without suggesting that the government is not complying with Rule 16, the Court hereby GRANTS that portion of Defendant's motion dealing with Rule 16 discovery and hereby orders the government to provide to Defendant any discoverable material under the above-mentioned subsections of Rule 16.

## II. *Brady* material

Defendant seeks disclosure of *Brady* material. The Supreme Court held in *Brady v. Maryland* that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland*, 373 U.S. 83, 87 (1963).

The purpose of the *Brady* rule — which is based on due process requirements — is "not to displace the adversary system as the primary means by which truth is uncovered, but to ensure that a miscarriage of justice does not occur." *U.S. v. Bagley*, 473 U.S. 667, 675 (1985). "Thus, the prosecutor is not required to deliver his entire file to defense counsel, but only to disclose evidence favorable to the accused that, if suppressed, would deprive the defendant of a fair trial." *Id.*

Without suggesting that the Government is not complying with *Brady*, the Court hereby GRANTS Defendant's motion dealing with *Brady* material and hereby orders the Government to provide to Defendant any exculpatory evidence requested to the extent required by *Brady* and its progeny.

## III. Rule 404(b)

Defendant moves for disclosure of so-called prior bad acts evidence that the Government intends to use at trial pursuant to Rule 404(b) of the Federal Rules of Evidence.

Without suggesting that the Government is not complying with disclosure of evidence that it may introduce at trial under Rule 404(b), the Court hereby GRANTS Defendant's motion and hereby orders the Government to provide to Defendant any such evidence.

## IV. Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure

Rule 16(a)(1)(G) requires, upon a defendant's request, that the government disclose certain expert witness testimony. Fed. R. Crim. P. 16(a)(1)(G). Without suggesting that the government is not complying with Rule 16(a)(1)(G), the Court hereby GRANTS that portion of Defendant's motion dealing such discovery and hereby orders the government to provide to Defendant any discoverable material under Rule 16(a)(1)(G).

It is so ORDERED.

The Clerk is hereby directed to send a copy of this Order to all counsel of record.

ENTERED: *[signature]*
U.S. District Judge

November 20, 2006
Date